UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICKY R. DOOLITTLE,

                                           Plaintiff,                      1:25-cv-00148 (BKS/TWD)

v.

HARTFORD FINANCIAL SERVICES GROUP, INC.,

                                           Defendant.
_____

**Appearances:**

*Plaintiff pro se:*
Micky R. Doolittle
New Paltz, NY 12561

*For Defendant:*
Brian P. Downey
Troutman Pepper Locke LLP
100 Market Street, Suite 200
Harrisburg, PA 17101

**Hon. Brenda K. Sannes, Chief United States District Judge:**

MEMORANDUM-DECISION AND ORDER

**I.     INTRODUCTION**

Plaintiff Micky R. Doolittle, proceeding pro se, brings this action against Defendant Hartford Life and Accident Insurance Company,[1] arising from Defendant withholding Plaintiff's long-term disability benefits. (Dkt. No. 29). Previously, Defendant moved to dismiss Plaintiff's

---

[1] Plaintiff's original complaint names "Hartford Financial Services Group, Inc." as the defendant. (*See* Dkt. No. 2). A different entity, "Hartford Life and Accident Insurance Company," responded to Plaintiff's original complaint and identified itself as the proper defendant in this action. (S*ee, e.g.*, Dkt. No. 1, at 1). In its decision granting Defendant's motion to dismiss Plaintiff's original complaint, the Court directed Plaintiff to "address this issue should he choose to file an amended complaint." (Dkt. No. 26, at 1 n.1). Plaintiff's amended complaint now refers to Defendant as Hartford Life and Accident Insurance Company. (Dkt. No. 29). The Court directs the Clerk of Court to amend the caption to change the Defendant from "Hartford Financial Services Group, Inc." to "Hartford Life and Accident Insurance Company."

complaint under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. The Court granted Defendant's motion because Plaintiff's state law claims for breach of contract and bad faith are expressly preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (Dkt. No. 26). Plaintiff has amended his complaint, (Dkt. No. 29[2]), and Defendant moves to dismiss his claims on the same grounds. (Dkt. No. 31). Presently before the Court is that motion, which has been fully briefed. (Dkt. Nos. 31, 34, 36). For the following reasons, Defendant's motion is granted in part and denied in part.

## II.   FACTS[3]

Plaintiff alleges that he "was receiving long-term disability payment benefits from Hartford since December 6, 2016." (Dkt. 29, at 1). A January 10, 2018 letter from Defendant to Plaintiff states that his gross monthly benefit is $2,500 and his benefit end date is March 17, 2046 "provid[ed] that his claim remains medically supported." (Dkt. No. 2, at 31). Plaintiff has submitted a form captioned "LTD Payment Options and Reimbursement Agreement for Social Security Benefits," dated and signed on October 20, 2016, in which he checked a box seeking to be paid his monthly LTD disability payments "with no reduction for Social Security Benefits." (*Id.* at 17). The form states "I understand that this may result in an overpayment to my LTD benefits which I will be required to refund to the Hartford in a lump sum." (*Id.*).

---

[2] Plaintiff resubmitted his amended complaint, with the addition of a cover letter stating, "I have already submitted [an amended complaint] but I have not heard an answer back and I feel maybe I did it incorrectly . . . I am sending the amended complaint with a cover sheet which is what I feel maybe [*sic*] missing." (Dkt. No. 30, at 1). The Court received Plaintiff's amended complaint, (Dkt. No. 29), and will cite to that document, (Dkt. No. 29), which appears to be identical to his submission at (Dkt. No. 30), except for the absence of the cover letter.

[3] The facts are drawn from Plaintiff's amended complaint, (Dkt. No. 29), and exhibits which Plaintiff attached to his original complaint, (Dkt. No. 2). In light of Plaintiff's pro se status, the Court is considering the exhibits he attached to his original complaint, (Dkt. No. 2), even though he failed to attach them to his amended complaint, (Dkt. No. 29). *See Wagner v. Copenhagen Cent. Sch. Dist.*, No. 25-cv-000659, 2026 WL 60750, at *1 n.1, 2026 U.S. Dist. LEXIS 3024, at *2 n.1 (N.D.N.Y. Jan. 8, 2026). The Court assumes the truth of and draws all reasonable inferences from the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

Plaintiff appears to have received a Social Security disability retroactive check in the amount of $31,000 on April 4, 2022. (*Id.* at 39, 51). Defendant informed Plaintiff that there was an overpayment on his account in the amount of $31,880. (*Id.* at 55). Plaintiff alleges that he and Defendant's representative "entered [into] a verbal agreement," on April 1, 2022. (Dkt. No. 29, at 1). Plaintiff believed that he would pay Defendant $10,000 "under the agreement that a payback provision[4] that [Defendant] say[s] I owe[d] them would be settled in full." (*Id.* at 3). Plaintiff says that he mailed Defendant a $10,000 check "marked paid in full." (*Id.*). He alleges that Defendant "[c]ashed the check without any protest or a notation on the back of the check [s]tating that the terms are not agreed upon." (*Id.*). The day after Defendant cashed Plaintiff's check, Plaintiff was paid "the next installment of $545 to [his] account as scheduled," but that "[t]he next payment did not show up into [his] checking account as scheduled and none ha[ve] since." (*Id.* at 1,3).

Plaintiff seeks judgment damages "in the sum of $10,000 and any compensatory damages, punitive damages, and interest" (*Id.* at 2).

## III.     STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor and City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* (quoting

---

[4] It is not clear what Plaintiff means by the "payback provision." Defendant has submitted a group insurance policy with a provision governing "Overpayment Recovery," which permits Defendant to recover overpayments from, *inter alia*, Social Security disability benefits. (Dkt. No. 31-3 at 19). Plaintiff appears to dispute whether this is the applicable contract, (Dkt. No. 34, at 2) ("The defendant has put forth two different contracts and its original response which neither had my signature. The contract that is in my possession that I have also put forth into evidence . . . also does not have my signature."), and the Court does not consider it for the purposes of this motion.

3

*Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"[W]here, as here, a plaintiff is proceeding pro se, the complaint must be considered under a more lenient standard than that accorded 'formal pleadings drafted by lawyers.'" *Harrison v. New York*, 95 F. Supp. 3d 293, 313 (E.D.N.Y. 2015) (citation omitted). A pro se plaintiff's complaint is to be liberally construed "to raise the strongest arguments that it suggests." *Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80 (2d Cir. 2020) (citation omitted). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)).

**IV.    DISCUSSION**

Plaintiff asserts the same state law causes of action that he raised in his original complaint, (c*ompare* Dkt. No. 2 *with* Dkt. No. 29), which are expressly preempted under ERISA, as the Court explained in its previous decision. (*See* Dkt. No. 26). While the Court warned Plaintiff that "[a]n amended complaint alleging breach of contract or bad faith would be futile in this case," the Court noted that it could not say whether filing an amended complaint asserting a claim pursuant to ERISA under 29 U.S.C. § 1132(a)(1)(B) would be futile. (*Id.* at 13). Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B), allows a participant in an employee benefit plan governed by ERISA to bring a cause of action "to recover benefits due to him under the terms of his plan." 29 U.S.C. § 1132(a)(1)(B).

4

Here, construing the allegations in the light most favorable to Plaintiff, he appears to have received $31,000 in Social Security disability benefits, (Dkt. No. 2, at 39), but only repaid Defendant $10,000 before it stopped paying him disability benefits, (*see* Dkt. No. 29, at 1, 3). Plaintiff alleges that when he provided Defendant with the $10,000 check in April 2022, Defendant "paid [him] the next installment of $545 to [his] account as scheduled" but that "[t]he next payment did not show up into [his] checking account as scheduled and *none ha[ve] since*." (*Id.* at 3) (emphasis added). Forty-two months have passed between when Plaintiff alleges that he received his last benefit payment from Defendant to the date that he filed his amended complaint, October 27, 2025. In other words, Plaintiff appears to allege that Defendant has withheld $22,890, equal to forty-two monthly payments of $545, when the total overpayment that remained was only $21,880. (*See* Dkt. No. 2, at 55).

Construing the amended complaint liberally "to raise the strongest claims that it suggests," *see Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citation modified), it is plausible that Defendant has recovered Plaintiff's overpayment and that his benefit payments have not continued. On this record, the Court cannot conclude as a matter of law that Plaintiff does not have a cause of action under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B). For that reason, Defendant's motion to dismiss Plaintiff's amended complaint is denied.[5]

## V.   CONCLUSION

For these reasons, it is hereby

---

[5] The Court notes that there is no support for Plaintiff's argument regarding an ambiguity in the policy, or the effective vindication doctrine. (*See* Dkt. No. 29, at 5–6). Plaintiff has not submitted a purportedly ambiguous policy provision, and the Court has not considered the policy provided by Defendant, in light of Plaintiff's apparent objection. (*See* Dkt. No. 34, at 2). The effective vindication doctrine has been applied "to invalidate arbitration agreements that purport to waive enforcement of federal statutory rights." *Cedeno v. Sasson*, 100 F.4th 386, 396 (2d Cir. 2024). Here, there is no such agreement and that doctrine does not apply.

5

**ORDERED** that Defendant's motion to dismiss Plaintiff's causes of action for breach of contract and bad faith is **GRANTED** and that those causes of action are **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 31) is **DENIED** insofar that Plaintiff's amended complaint (Dkt. No. 29) alleges a claim under 29 U.S.C. § 1132(a)(1)(B); and it is further

**ORDERED** that the Clerk of Court is directed to amend the case caption to substitute Defendant from "Hartford Financial Services Group, Inc." to "Hartford Life and Accident Insurance Company"; and it is further

**ORDERED** that the Clerk of Court shall provide Plaintiff with copies of the unpublished decisions cited in this Memorandum Decision and Order.

**IT IS SO ORDERED.**

Dated: February 2, 2026
Syracuse, New York

Brenda K. Sannes
Chief U.S. District Judge